UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TOLL BROS., INC.

                Plaintiff

    -against-

RONALD A. SCHECKTER

               Defendant

-----------------------------------------------------------X

Case No.: CV 07-

**COMPLAINT**

**Plaintiff Demands Jury Trial**

ROBINSON

Judge Assigned:

**07 CIV. 4074**



Plaintiff complaining of the Defendant, by its Attorney, **RICHARD J. O'KEEFFE**, respectfully alleges:

### JURISDICTION

1. At all times hereinafter mentioned, Plaintiff, TOLL BROS., INC., was and is a corporation duly organized and existing under the Laws of the Commonwealth of Pennsylvania, with its office at 250 Gibraltar Road, Horsham, Pennsylvania 19044.

2. At all times hereinafter mentioned Defendant, RONALD A. SCHECKTER, was and is a citizen of the State of New York, with a place for the transaction of business in the Town of Bedford, County of Westchester, NY 10506.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

## AS A FIRST CAUSE OF ACTION

4. On or about October 17, 2005, the Defendant entered into a Land Purchase Agreement with Herman W. Friehofer and Leo T. Friehofer, Jr. as Trustee of the Leo T. Friehofer, Jr. Revocable Living Trust, for the purchase of certain real property in the Town of Unionvale, County of Dutchess, State of New York (hereinafter the "Property"). (A copy of said Land Purchase Agreement is attached hereto as Exhibit A).

5. On or about February 2006, the Defendant as Assignor and the plaintiff as Assignee entered into an executory Assignment of Contract, calling for the subsequent assignment of the Assignee's rights under Exhibit A, the Land Purchase Agreement to the Plaintiff, upon the execution of a formal assignment and payment of the purchase price. (A copy of said Assignment of Contract is attached hereto as Exhibit B.)

6. As part of the consideration for the Assignment of Contract and pursuant to the provisions of paragraph 5.2(a), the Plaintiff paid to the Defendant the sum of Two Hundred Thousand Dollars ($200,000.00).

7. On or about March 22, 2006, the Plaintiff and Defendant entered into

First Amendment to Assignment of Contract. (A copy of said First Amendment to Assignment of Contract is attached hereto as Exhibit C).

8. Pursuant to paragraph 13 of the Assignment of Contract, the Defendant was required to initiate and obtain the subdivision and other approvals necessary for the development of the land to be conveyed under the Land Purchase Agreement.

9. Pursuant to paragraph 4 of the First Amendment to Assignment of Contract, the Plaintiff undertook the obligation to process the necessary applications to obtain approval of the development project.

10. Plaintiff promptly initiated all of the procedures necessary to obtain municipal approval for the project and performed all of the terms and conditions required of it under the Assignment of Contract and the First Amendment to Assignment of Contract.

11. Despite the best efforts on its part, it became evident to the Plaintiff that the municipal approvals could not be obtained consistent with the obligations it assumed under the various agreements between itself and the Defendant. Specifically, the Town of Unionvale was requiring, as a condition precedent to a consideration of the development plans filed by the Plaintiff, that Plaintiff acquire lands adjacent to its Property for use as an access easement to Route 55 and further

that Plaintiff participate with adjacent landowners in the development of a "commercial component" for the surrounding area.

12. An email from the Unionvale Town Supervisor Lisette Hitsman, to Plaintiff's representative, Richard Rang, stating unequivocally, "Unless there is access to Rte. 55 and some idea of a commercial component there is no point in another meeting." (A copy of said email is attached hereto as Exhibit D).

13. The Assignment of Contract and First Amendment to Assignment of Contract do not require Plaintiff to acquire adjacent land or enter into negotiations and/or transactions with adjacent land owners to bring a "commercial component" into the Plaintiff's application.

14. In a letter to Defendant dated October 24, 2006, Plaintiff terminated the Assignment of Contract pursuant to paragraph 12 and formally demanded a return of the $200,000.00 paid to Defendant. (A copy of said letter is attached hereto as Exhibit E).

15. In breach of the Assignment of Contract, the Defendant has refused and continues to refuse to return the $200,000.00 to the Plaintiff.

## AS A SECOND CAUSE OF ACTION

16. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs numbered 1 through 15, as if fully set forth herein.

17. Paragraph 19 of the Assignment of Contract provides for the payment of "all out of pocket expenses including, but not limited to reasonable attorneys fees" to the successful party in any litigation, between the parties arising out of the relationship created by the Assignment Agreement.

**WHEREFORE**, Plaintiff demands Judgment against the Defendant:

On The **First Cause of Action** in the sum of $200,000.00 plus interest from October 24, 2006;

On the **Second Cause of Action** in an amount to be determined at the conclusion of this action, together with the costs of this Action.

Dated: Larchmont, New York
       May 16, 2007

**RICHARD J. O'KEEFFE,**
**Attorney for the Plaintiff**

Richard J. O'Keeffe, (6316)
2005 Palmer Avenue, PMB 308
Larchmont, New York 10538
(914) 948-5300