# Toll Brothers
### America's Luxury Home Builder™

Mark J. Warshauer
Vice President and Counsel

Direct Dial: (215) 938-8260
Fax: (215) 938-8255

October 24, 2006

**By Fax (203-964-1320) and Regular Mail**

Ronald M. Scheckter
P.O. Box 402
Bedford, NY 10506

Re:    Scheckter to Toll Bros., Inc
       Unionvale, NY

Dear Mr. Scheckter:

Reference is made to the Assignment of Contract, as amended, between you and Toll Brothers having an effective date of March 22, 2006 (the "Agreement").

We have been advised by the Town Supervisors of the Town of Unionvale that a development application for the Property for residential development must include: (a) vehicular access to Route 55 over adjacent lands, and (b) an application for the development of a commercial component to be developed on adjacent property. Indeed, we have received correspondence from Supervisor Hitsman of the Unionvale Board of Supervisors, stating that unless the application includes these requirements, then there is "no point" in having further meetings. (See attached e-mail dated October 19, 2006).

Toll Brothers is not required under the Agreement to, and will not now undertake the responsibility for, purchasing additional properties required to meet the Route 55 access condition. Ken Stenger's letter to me dated October 16, 2006 informs us that you will not undertake this responsibility either. Further, we understand that the Town of Unionvale will be selling, at public auction, one of the properties which provide access between the Property and Route 55. Supervisor Hitsman's e-mails states that the Town is obtaining an updated appraisal of this property. The sale of this property to the "highest bidder" further complicates the approval process for the Property.

Our Agreement also does not require us to incorporate the required commercial component and enter into the necessary transaction with adjacent landowners to bring the commercial component within our application.

Based on these requirements and conditions, we have determined that the approval conditions and contingencies cannot be satisfied as provided in the Agreement.

For these reasons, we hereby elect to terminate the Agreement. By copy of this letter, we are directing Vergilis, Stenger, Roberts & Davis, as escrow agent, to immediately return to us the entire $200,000 Deposit.

Please note that I have reviewed the request for reimbursement in Ken Stenger's letter of October 16, 2006. Please provide me with the supporting invoices, so that we can address the invoices as required under the Agreement.

We are disappointed that this transaction cannot go forward. If the project becomes feasible in the future, please contact us.

Very truly yours,

Mark J. Warshauer

MJW/lmw

cc:     Kenneth M. Stenger, Esq. (By UPS and FAX)